## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **GREGORY J. DARR,** | : |
| **558 HARDING LANE** | : |
| **DELAWARE, OHIO 43015** | : |
| **Plaintiff,** | : |
| | :    **CASE NO.  2:19-cv-638** |
| **v.** | :    **JUDGE** |
| | :    **JURY DEMAND** |
| | :    **ENDORSED HEREIN** |
| | : |
| | : |
| **OHIO PUBLIC EMPLOYEES** | : |
| **RETIREMENT SYSTEM,** | : |
| **277 EAST TOWN STREET** | : |
| **COLUMBUS, OHIO 43215** | : |
| **Defendant.** | : |

## COMPLAINT

Gregory J. Darr ("Plaintiff"), by and through undersigned counsel, as and for his

Complaint against Defendant Ohio Public Employees Retirement System ("OPERS" or

"Defendant") states as follows:

## PARTIES

1.     Plaintiff is a resident of Delaware, Ohio, and at all times material was a resident of the

State of Ohio.

2.     Ohio Public Employees Retirement System ("OPERS"), is a public retirement system

authorized to administer retirement benefits on behalf of certain public employees of the State of

Ohio. OPERS was created and operates under the authority granted to it by Ohio Revised Code

Chapter 145. OPERS has its principal place of business at 277 East Town Street, City of

Columbus, County of Franklin, Ohio.

all preceding paragraphs of this Complaint as if fully rewritten.

## JURISDICTION

4.      This is an action alleging violations of federal constitutional rights on the part of

Defendant. This honorable Court has jurisdiction pursuant to 28 U.S,C. § 1331.

5.      Venue is proper in this Court under 28 U.S.C. §1391. Defendant has been statutorily

established and is maintained as an Ohio agency and has its principal place of business located in

Columbus (Franklin County), Ohio.  Defendant conducts a substantial part of its business in

Ohio. All or at a minimum a substantial part of the events, acts and omissions giving rise to

Plaintiff's claims occurred within Franklin County, Ohio.

6.      Venue is proper in this Court pursuant to Local Rule 82.1 insofar as a substantial part of

the events giving rise to Plaintiffs' claims stated herein occurred in Franklin County, State of

Ohio located in the Eastern Division of the Southern District of Ohio.

## FACTS COMMON FOR ALL CLAIMS FOR RELIEF

7.      Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if fully

rewritten.

8.      Plaintiff, Gregory J. Darr, was employed as the Executive Director of the Coshocton

Metropolitan Housing Authority ("CMHA") from 2001 through 2017.  During his employment

with CMHA Plaintiff made regular mandatory contributions to OPERS.

9.      Plaintiff was placed on administrative leave from CMHA in August 2017 due to an

investigation by the United States Department of Housing and Urban Development ("HUD").

10.     Plaintiff's employment with CMHA terminated on November 24, 2017.

11.     During his employment with CMHA Plaintiff earned a total of 16.167 years of service

credits for purposes of calculating for retirement eligibility under the OPERS traditional pension plan.

12.     In January 2018, Plaintiff applied for traditional pension plan benefits with OPERS.

13.     In April 2018, Plaintiff retained counsel to defend against charges that he conspired to embezzle money from HUD.

14.     On September 4, 2018, Plaintiff entered a guilty plea to one count of conspiracy to embezzle money from the HUD in violation of 18 U.S.C. § 614 and 18 U.S.C. § 371.

15.     On October 10, 2018, counsel for Plaintiff was informed by OPERS Associate Counsel, Ellen C. Leach, that OPERS was not paying Plaintiff retirement benefits due to his guilty plea in federal court. That same day, Plaintiff's counsel sent a letter to OPERS explaining that Plaintiff needed access to his legitimate, untainted OPERS assets needed to pay his attorney fees.

16.     OPERS has failed and has continued tp fail to pay over to Plaintiff retirement benefits.

17.     At no time did OPERS provide Plaintiff with any written notice as to why OPERS have failed to pay him retirement benefits.

18.     At no time did OPERS provide Plaintiff with any written notice of any right to appeal the failure to pay him retirement benefits.

## FIRST CLAIM FOR RELIEF

## SIXTH AND FOURTEENTH AMENDMENT VIOLATIONS--42 U.S.C. § 1983

19.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully rewritten.

20.     Defendant's actions set forth above, including its failure to act, were under color of law.

21.     Defendant was placed on notice that its actions set forth above, including its failure to act,

constitute pretrial restraint of a Plaintiff's legitimate, untainted assets needed to pay counsel of choice.

22.     Defendant's actions set forth above deprived Plaintiff of his right to the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments of United States Constitution in violation of 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

### EIGHT AND FOURTEENTH AMENDMENT VIOLATIONS – 42 U.S.C. § 1983

23.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully rewritten.

24.     Defendant's actions set forth above, including its failure to process his application for traditional pension plan benefits are grossly disproportionate to the gravity of Plaintiff's offense, constitute an excessive fine, and deprived Plaintiff of due process of law as guaranteed by the United States Constitution, the Eighth and Fourteenth Amendments thereof, and were in violation of 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

### EQUAL PROTECTION CLAUSE VIOLATIONS--42 U.S.C. § 1983

25.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully rewritten.

26.     Defendant's actions set forth above, including its failure to process his application for traditional pension plan benefits, deprived Plaintiff of equal protection of law as guaranteed by the United States Constitution, the Fifth and Fourteenth Amendments thereof, and were in violation of 42 U.S.C. § 1983.

27.    There was no rational basis or legitimate purpose for Defendant to treat Plaintiff differently than those similarly situated.

28.    Defendant, by its actions and inactions, deprived Plaintiff of equal protection of laws and Plaintiff's rights guaranteed by the Fourteenth Amendment of the United States Constitution and are in violation of 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

### PROCEDURAL DUE PROCESS VIOLATIONS–42 U.S.C. § 1983

29.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully rewritten.

30.    Defendant's notice to Plaintiff that his vested retirement benefits were being held due to his guilty plea in federal court was inadequate and denied Plaintiff Due Process of law as guaranteed under the Fourteenth Amendment of the United States Constitution.

31.    Defendant further failed to provide Plaintiff with written notice of any procedure available to appeal Defendant's interference with Plaintiff's vested retirement benefits.

32.    Defendant had a duty under the Fourteenth Amendment to provide such notice and opportunity to be heard, and Defendant's failure to do so constitutes a breach of that duty, thus proximately causing damage to Plaintiff in the form of the loss of retirement benefits from January 2018, forward.

## PRELIMINARY INJUNCTION

33.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully rewritten.

34.    Plaintiff has no adequate remedy at law to stay or prevent Defendant from its continued

5

unlawful action in respect of withholding Plaintiff's retirement benefits.

35.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered immediate and irreparable harm and will continue to suffer irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff prays that this Court enter judgment on his behalf against Defendant and order relief as follows:

(a)     that Defendant be permanently enjoined from withholding Plaintiff's retirement benefits;

(b)     that Defendant pay Plaintiff retirement benefits;

(c)     that Defendant pay Plaintiff's costs, expenses

(d)     that Defendant pay Plaintiff's reasonable attorneys fees in accordance with 42 U.S.C. § 1988; and

(e)     that this Court award such other and appropriate relief it deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

*s/Keith A. Yeazel*

KEITH A. YEAZEL (0041274)
905 SOUTH HIGH STREET
COLUMBUS, OHIO 43206
(614) 885-2900
keithyeazel@gmail.com
Trial Attorney for Gregory J. Darr

## VERIFICATION

Gregory J. Darr, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and

know the contents thereof. I verify under penalty of perjury under the laws of the United States

of America that the factual statements in this Complaint are true and correct. 28 U.S.C. § 1746.

GREGORY J. DARR

## CERTIFICATE OF SERVICE

Copies of the foregoing Complaint were sent via registered United States mail, postage

prepaid, on this 23rd day of February, 2019, to the following:

Ellen C. Leach, Esq.
Associate Counsel
Ohio Public Employees Retirement System
277 East Town Street
Columbus, OH 43215-4642

s/Keith A. Yeazel

KEITH A. YEAZEL (0041274)